UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

MATTHEW BLANCHARD,

                        Petitioner,

     v.

                                    9:18-CV-0448
                                    (GTS/CFH)

STATE OF NEW YORK,

                        Respondent.

_____

APPEARANCES:                                OF COUNSEL:

MATTHEW BLANCHARD
Petitioner, pro se
24904075
Manchester Federal Correctional Institution
PO Box 4000
Manchester, KY 40962

GLENN T. SUDDABY
Chief United States District Judge

## DECISION and ORDER

## I.    INTRODUCTION

      Petitioner has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, as well as supporting brief.  Dkt. No. 1, Petition ("Pet."); Dkt. No. 1-1, Brief.  He has paid the statutory filing fee.

## II.    THE PETITION

      In his petition, petitioner asserts that he is in federal custody at Manchester Federal Correctional Institution for an undisclosed "federal crime" which he is not challenging.  Pet. at 1, 5.[1]  Rather, petitioner appears to challenge a detainer allegedly lodged by New York state

---

[1] Citations to petitioner's filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.

authorities related to an arrest warrant, issued in either 2008 or 2009, by a state court in Delaware County, New York. *Id.* at 1, 7. Petitioner states that the arrest warrant relates to his "3rd D.U.I.," a felony charge, and that the "State of New York and Delawar[e] County . . . refuse to accept Interstate Agreement on Detainers and refuse to accept his speedy trial demands[.]" *Id.* at 7.

Although not explicated in his petition, it appears that petitioner is currently incarcerated pursuant to a judgment of conviction in the United States District Court for the Middle District of Tennessee for armed bank robbery, in violation of 18 U.S.C. § 2113(a). *United States v. Blanchard*, No. 2:16-CR-0003 (M.D. Tenn.), Dkt. No. 40, Judgment in a Criminal Case, filed Dec. 15, 2017.[2] Petitioner was sentenced to 36 months imprisonment and three years supervised release, with the incarceration portion of the sentence "to run concurrently with any state sentence imposed in Alabama and/or New York." *Id.* at 2.

Petitioner contends that he is entitled to federal habeas relief because his rights under the Sixth and Fourteenth Amendments and the Interstate Agreement on Detainers ("IAD") have been violated. Pet. at 6-9. Petitioner asserts that (1) he filed a grievance with "federal prison officials" on March 26, 2018, based on their assertion that the "State of New York refuse[s] to (accept) I.A.D.," and prison officials thereafter advised him that he "must file a habeas corpus in federal court who have [*sic*] jurisdiction," and (2) he has attempted to file a "speedy trial demand" in "Delawar[e] County, NY" in "January and February and March 2018," but his demand "keeps being sent back" because the "clerk refused to file" it. Pet. at 2, 3, 6. Moreover, in his brief, petitioner asserts that the "State of New York know[s]" he is in

---

[2] The USM number on the Middle District of Tennessee judgment is the same identification number provided by petitioner on his petition in this action. Pet. at 1.

federal custody, but "refuse[s] to accept the I.A.D.A. . . ." Dkt. No. 1-1 at 3. He contends that he "can have [the] warrant dismissed or" demand a speedy trial and "start the 180-day clock to come get [him]." *Id.* According to petitioner, if relief is not granted, he will suffer prejudice in that, due to the pending detainer, he will be denied "a halfway house and fair chance at a job and housing." *Id.*

Petitioner also states that "federal prisons" lack "any state law books" or legal assistance program to help him file "a proper habeas corpus" petition, and, "for that reason[,] the Court should convert" his section 2241 petition into a "2254" if it deems it necessary to do so. Pet. at 7. With respect to relief, petitioner requests that his state arrest warrant be "expunge[d]," or that state authorities be directed to try him within 180 days. *Id.* at 8.

## III.    DISCUSSION

This petition was brought pursuant to 28 U.S.C. § 2241. Section 2241 provides that "the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions" may grant a writ of habeas corpus to a petitioner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c)(3). That section generally permits federal prisoners to challenge the execution of a sentence, including the computation of the sentence and parole decisions, rather than the imposition of that sentence or the underlying federal conviction under section 2255. *Cook v. New York State Div. of Parole*, 321 F.3d 274, 278 (2d Cir. 2003). State prisoners, in contrast, must bring challenges both to the execution of a sentence and to underlying convictions under section 2254, which governs petitions filed by "a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *accord, Cook*, 321 F.3d at 278.

3

In rare circumstances, state prisoners who are pretrial detainees may challenge state detention pursuant to section 2241.  *See, e.g., Braden v. 30ᵗʰ Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490 (1973) (state prisoner sought "only to demand enforcement of" Kentucky's "affirmative constitutional obligation to bring him promptly to trial" rather than to litigate constitutional defenses) (citation omitted); *Hoffler v. Bezio*, 726 F.3d 144, 155-57 (2d Cir. 2013) (state prisoner brought section 2241 petition to prevent New York from retrying him on murder charges arising out of the killing of a prosecution witness scheduled to testify against him at a later trial on drug charges).

In this case, based on the information contained in his petition, petitioner is not in custody pursuant to a state court judgment of conviction because he has not been tried on or convicted of a state crime.  28 U.S.C. § 2254.  He also is not a pretrial detainee in state court where the unresolved charge is allegedly pending.  Instead, petitioner is in federal custody, serving a federal sentence, and challenges a purported state court detainer lodged at his federal facility based upon an unresolved New York charge of driving while intoxicated.  *See* Pet.  As a result, it is not entirely clear whether the petition is properly brought pursuant to section 2254 or section 2241.  Under either statute, however, the Court concludes that this action is premature.

Section 2254 expressly states that an application for a writ of habeas corpus may not be granted until a petitioner has exhausted all remedies available in state court unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254 (b)(1)(A), (B)(i), (ii).  Moreover, although section 2241 does not explicitly require the exhaustion of state court remedies, courts have required exhaustion to accommodate the principles of federalism.  *See*

4

*Braden*, 410 U.S. at 490, 491-92 (concluding that petitioner exhausted state remedies by making repeated "demands for trial to the courts of Kentucky, offering those courts an opportunity to consider on the merits his constitutional claim of the present denial of a speedy trial," but the state courts rejected his claims); *Hoffler*, 726 F.3d at 149-51 (explaining that petitioner's claims were exhausted because he moved to dismiss an indictment based on double jeopardy grounds and when the motion was denied, he filed an Article 78 petition and sought leave to appeal the denial of the Article 78 petition in the New York Court of Appeals).

To properly exhaust his claims, petitioner must do so both procedurally and substantively.  Procedural exhaustion requires that he raise all claims in state court prior to raising them in a federal habeas corpus petition.  Substantive exhaustion requires that the petitioner "fairly present" each claim for habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim."  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted).  In other words, petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  Petitioner must also use the proper procedural vehicle so that the state court may pass on the merits of his claims. *Dean v. Smith*, 753 F.2d 239, 241 (2d Cir. 1985).

Here, petitioner appears to contend that his rights as provided in the IAD have been violated, and that he has been denied his federal constitutional right to a speedy trial.  The IAD "is an interstate compact, which establishes procedures by which one jurisdiction may obtain temporary custody of a prisoner incarcerated in another jurisdiction for the purpose of bringing that prisoner to trial."  *Ferguson v. Hudson*, No. 9:13-CV-0674 (NAM/ATB), 2014

5

WL 5308635, at *4 (N.D.N.Y. Oct. 16, 2014) (internal quotation marks omitted); *see also* *Reed v. Farley*, 512 U.S. 339, 341-42 (1994); *Carchman v. Nash*, 473 U.S. 716, 719 (1985) (explaining that the IAD "is a congressionally sanctioned interstate compact within the Compact Clause, and thus is a federal law subject to federal construction") (citation omitted) (citing *Cuyler v. Adams*, 449 U.S. 433, 438-442 (1981)); *see also* 18 U.S.C. App. § 2.  The IAD has been adopted by New York.  N.Y. Crim. Proc. Law ("CPL") § 580.20.  "The IAD was adopted, in part, to allow inmates, against whom a detainer has been lodged, to initiate their transfer to a state or federal district in which an untried indictment is pending so that they may request a 'final disposition' of the pending criminal charges."  *Ferguson,* 2014 WL 5308635, at *4.

The IAD provides that, whenever a prisoner is serving a sentence imposed in a "party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner," he must be brought to trial within 180 days after he "shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint." CPL § 580.20, Art. III(a); *accord,* 18 U.S.C. App § 2, Art. III(a).  The prisoner's written notice "shall be given or sent by the prisoner to the  . . . official having custody of him, who shall promptly forward it . . . to the appropriate prosecuting official and court . . . ."  CPL § 580.20,

Art. III(b); *accord*, 18 U.S.C. App § 2, Art. III(b).[3]

The United States Supreme Court has held that "the 180-day time period in Article III(a) of the IAD does not commence until the prisoner's request for final disposition of the charges against him has *actually been delivered* to the court *and* prosecuting officer of the jurisdiction that lodged the detainer against him." *Fex v. Michigan*, 507 U.S. 43, 52 (1993) (emphasis added).[4]

Here, based upon the assertions contained therein, the Court concludes that the petition is premature. With respect to his claim that his rights under the IAD have been violated, he asserts only that, "in January and February and March 2018," he is sent a speedy trial demand to the "clerk" in Delaware County, New York. Dkt. No. 1 at 6. Even if the speedy trial demand to which petitioner refers may constitute a request for a final disposition under the IAD, any claim based on a failure to timely comply with the IAD is premature because (1) petitioner does not contend that he also sent, or caused to be sent, his demand to the prosecuting officer, and (2) even if it could be said that petitioner did successfully cause his demand to be delivered to both the prosecuting officer and the court as early as January 2018 (Pet. at 6), the 180-day period has not yet run. *See, e.g., United*

---

[3]   A detainer is "a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking . . . . either to hold the prisoner for the agency or to notify the agency when release of the prisoner is imminent." *Reed*, 512 U.S. at 342 n.1 (internal quotation marks omitted). A state detainer "represents a present claim by New York of jurisdiction over petitioner's person and of the right to subject him to its orders and supervision in the future. As such, it constitutes sufficient 'custody' to make available to him the remedy of habeas corpus." *Marshall v. NYS DOCCS*, No. 9:16-CV-1501 (GTS), 2017 WL 2223036, at *2 n.2 (quoting *Goodwin v. Hammock*, 502 F. Supp. 756, 758 n.2 (S.D.N.Y. 1981)).

[4]   The petitioner in *Fex* advanced the "policy argument" that, out of fairness, "the burden of compliance with the requirements of the IAD" should be "placed entirely on the law enforcement officials involved[.]" *Fex*, 507 U.S. at 52. The Supreme Court rejected that argument and explained that "the textual requirement 'shall have caused to be delivered' is simply not susceptible to" a reading of the IAD "that would give effect to a request that is never delivered *at all*." *Id.*

States v. Paredes-Batista, 140 F.3d 367, 375 (2d Cir. 1998) (explaining that, even if petitioner could be said to have delivered his "demand for a speedy trial" on a government form to the prosecuting officer, his "request did not become effective and start the 180-day clock until it was *also* delivered to the district court . . .").[5]

With respect to his claim that his constitutional right to a speedy trial on his unresolved state charge has been violated, that claim has not been exhausted.  Petitioner's speedy trial claim implicates the validity of an accusatory instrument which, he alleges, charges him with a felony and has been filed in Delaware County, New York.  However, a petitioner may not attempt "to litigate constitutional defenses prematurely in federal court."  *Braden*, 410 U.S. at 493; *Younger v. Harris*, 401 U.S. 37, 43-48 (1971); *see also Allen v. Maribal,* No. 1:11-CV-2638, 2011 WL 3162675, at *2 (E.D.N.Y. July 25, 2011) (dismissing pretrial detainee's section 2241 petition arguing a speedy trial violation, finding that the court "cannot permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court.").

---

[5]  The Court notes that, even if petitioner's claim based upon the IAD were not premature, it is somewhat skeptical of the merit of that claim.  "The Second Circuit has held that alleged violations of the IAD are not cognizable on federal habeas review."  *Simms v. LaClair*, 769 F. Supp. 2d 116, 135 (W.D.N.Y. 2011) (citing *Riley v. Warden, FCI Petersburg*, 947 F.2d 43, 44 (2d Cir. 1991) (per curiam) ("[A] violation of the IAD is not 'a fundamental defect which inherently results in a complete miscarriage of justice . . . present[ing] exceptional circumstances where the need for the remedy afforded by habeas corpus is apparent.'") (quoting *Edwards v. United States*, 564 F.2d 652, 654 (2d Cir. 1977)); *see also Sacco v. People of State of N.Y.*, 104 F.3d 354, 1996 WL 671092, at *2 (2d Cir. 1996) ("Even if Sacco's complaint is construed as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, the district court still properly dismissed the complaint. IADA claims are not cognizable in habeas corpus proceedings."); *Huffman v. Kirkpatrick*, 739 F. Supp. 2d 298, 300 (W.D.N.Y. 2010) ("[T]he Second Circuit has squarely held that a violation of the IAD is not a cognizable claim under 28 U.S.C. § 2254.").  Although petitioner contends, in somewhat conclusory terms, that a "clerk" in Delaware County has returned his "speedy trial demand" to him (Pet. at 6), it is not clear that this circumstance would somehow render his IAD claim cognizable for habeas purposes. *See, e.g, Joyce v. Pataki*, 100 F.3d 941, 1996 WL 2067 (Table), at *2 (2d Cir. 1996) ("While the Supreme Court intimated in *Reed* that certain 'aggravating' circumstances may render a claim alleging a violation of the IAD cognizable under section 2254, such circumstances are not present here.") (citation omitted) (citing *Reed*, 512 U.S. at 356-58).

As noted above, to fully exhaust his claims, petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.  Once the state criminal proceedings against petitioner have concluded, and his appeals and/or other state court collateral proceedings, if necessary, are exhausted, petitioner may then seek federal habeas relief pursuant to 28 U.S.C. §2254.  *See, e.g., United States ex rel. Scranton v. State of New York*, 532 F.2d 292, 295 (2d Cir. 1976) (dismissing petitioner's section 2241 petition, in which she sought dismissal of an indictment on speedy trial grounds, for failure to exhaust two state remedies available to her: (1) "go to trial, raise the speedy trial issue as a defense or by motion to dismiss, and then, after a conviction of murder, raise the speedy trial point again on appeal;" and (2) "plead guilty and raise the speedy trial issue on appeal"); *see generally Wilson v. Favro*, No. 9:16-CV-0471 (GTS), 2016 WL 2354271, at *3 (N.D.N.Y. May 4, 2016).

In sum, the exhaustion requirement has not been met, and the petition is therefore dismissed.  Rule 4, Rules Governing Section 2254 Cases in the United States District Courts ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").[6]

---

[6] The Habeas Rules apply to Section 2241 petitions.  *See* 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a).").

## IV.     CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the petition (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that no certificate of appealability ("COA") shall issue in this case because petitioner has failed to make a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2).[7]  Any further request for a COA must be addressed to the Court of Appeals (Fed. R. App. P. 22(b)); and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on petitioner in accordance with the Local Rules.

**IT IS SO ORDERED**.

Dated:          May 22, 2018
                Syracuse, NY

Hon. Glenn T. Suddaby
Chief U.S. District Judge

_____

[7] *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("§ 2253 permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right'").

10